(No. 6230—)

HELEN B. BITNER and DONALD W. BITNER, Claimants, *v.* STATE OF ILLINOIS, and STATE OF ILLINOIS DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Respondent.

*Order filed June 15, 1978.*

HOLDERMAN, J.

This matter comes before the Court on a motion filed by Respondent for summary judgment to which no answer has been filed by Claimant. Neither party has filed briefs in said cause.

This action is brought as a result of an accident which took place on Illinois Route 116, approximately nine-tenths of a mile to one mile west of Hanna City. Hanna City is approximately 15 miles west of Peoria on Route 116.

On August 22, 1969, at about 4:00 p.m., Helen B. Bitner, one of the Claimants, while driving a 1966 Chevrolet in a generally easterly direction towards Peoria, Illinois, and Sharoll Wilcox, driving a 1963 Dodge in a generally westerly direction towards Farmington, Illinois, collided on Route 116 in the eastbound lane.

Claimant alleges that immediately prior to the collision, Sharroll Wilcox hit a triangular-shaped hole in the seam of Route 116, which caused his car to go out of control onto the shoulder of the road and into Mrs. Bitner's lane.

The evidence of the Claimant showed that at the time of the accident, there was a seam on the right hand side of each lane of Route 116. The seam was

created when the highway was widened in the mid 1950's. Each edge of this seam was eventually, through time, chipped away until a groove existed on each side of the highway. This groove existed on both sides of the road approximately from Hanna City to Farmington and had existed for a substantial length of time and was from two to four inches wide and a couple of inches deep. Claimant also established there were no warning signs on the sides of the highway to indicate the grooves in the road.

The car that struck the automobile of Claimant was driven by 16 year old Sharroll Wilcox who had been driving approximately two months. Evidence indicated he was familiar with the road and was aware of the existence of the groove in the road.

In direct testimony, Mr. Wilcox stated, "I was coming up on a curve and I hit a hole in the pavement. I lost control of the car, run off the road and come back on. The next thing I knew I was about a quarter of a mile down the road with the front of my car ripped off."

In a Police Report made shortly after the accident, Mr. Wilcox stated that "I believe in the accident report I said I run off the road and lost control." No indication of a hole in the road was made at that time.

Under cross examination by Mr. Webber, Counsel for Respondent, the following conversation took place:

Q. "Mr. Wilcox, I understand you said you had been driving down this depression or this groove, or how did you characterize it?

A. It was a low spot in the highway.

Q. You say you had been driving down that all the way from Hanna City?

A. Yes, off and on. It was because I usually —

Q. And I understood you to say that was not what caused the accident. What caused the accident was when you hit this hole in the road, is that right?

A. Yes."

The record indicates that Claimant adequately proved the existence of a groove in the road and also there was sufficient evidence to show actual and constructive notice on the State, but there was no evidence showing the existence of a hole and Claimant failed to show that the State had notice of a hole if, in fact, there was such a hole.

The testimony of State Trooper John Grant, who was called by Respondent, is significant and is as follows:

Q. "Did you investigate as Mr. Wilcox was proceeding in a westerly direction, did you investigate east of the tire track? Did you investigate for holes at all, is what I'm asking? Did you have any reason to investigate for holes in the roadway there?

A. Yes, I would investigate where he had gone off the road. I would naturally look for these things as to why he went off the road. But to myself I didn't see anything to signify that he hit a hole that caused him to go off, that is what I am saying."

Mr. Wilcox testified that he went back later and found a place where he thought the hole was, and at that location there was a hole that had been patched.

The law involved in a case like this has been stated on many previous occasions. The State has the duty to maintain its highways in a safe condition or to warn traffic of the existence of unsafe conditions. *Rickelman v. State of Illinois, 19 Ill.Ct.Cl. , 54.* Also, if the State has knowledge, either actual or constructive, of a dangerous condition on its highways and fails to warn the public of the danger, then it must respond in damages for injuries received as a result. *Bovey v. State of Illinois, 22 Ill.Ct.Cl. 95 at 108.* However, the State is not an insurer against accidents on its highways. *Bloom v. State of Illinois, 22 Ill.Ct.Cl. 582.*

The Claimants have failed in their obligation to prove there was a hole in the road and that the State had actual or constructive knowledge of such defect

44

and that such defect caused the accident complained of.

Motion for summary judgment is hereby granted and this cause dismissed.